NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARLOS OVEDO-CHAVEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 21-145

Agency No.
A098-696-795

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 24, 2025
Phoenix, Arizona

Before: BERZON and BENNETT, Circuit Judges, and TUNHEIM, District
Judge.[**]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

Petitioner Carlos Juan Ovedo-Chavez[1] is a native and citizen of Mexico. He challenges the Bureau of Immigration Affairs's ("BIA") order of removal, in which the BIA affirmed the immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Ovedo-Chavez also petitions for remand to the BIA for consideration of cancellation of removal.

We have jurisdiction under 8 U.S.C. § 1252. Because the Agency adopted the IJ's analysis by citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), "we review both the [Agency] and IJ's decisions." *Posos-Sanchez v. Garland*, 3 F.4th 1176, 1182 (9th Cir. 2021). Denials of asylum, withholding of removal, and CAT protection are reviewed for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We deny in part and grant in part Ovedo-Chavez's petition and remand.

1. The IJ made an adverse credibility finding against Ovedo-Chavez. Ovedo-Chavez did not challenge this determination before the BIA and does not challenge this determination on appeal. Ovedo-Chavez has therefore waived any such argument. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir. 1996). There

---

[1] On appeal, Petitioner notes that his name is properly spelled "Oviedo-Chavez" and that he informed the immigration judge of the transcription error, which was not corrected. To avoid confusion, we use the misspelled name used throughout the administrative record, but the agency should consider correcting this misspelling on remand.

is no "sufficient" evidence to "support" Ovedo-Chavez's asylum and withholding claims "independent[]" of his testimony. *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). The adverse credibility finding is thus dispositive as to both the asylum and withholding of removal claims. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

2. Substantial evidence supports the Agency's denial of CAT protection. Although Ovedo-Chavez presents evidence of general human rights abuses in Mexico, he fails to present evidence that would compel the conclusion that the Mexican government would acquiesce to his torture by cartel members. *See Andrade-Garcia v. Lynch,* 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence.").

3. Ovedo-Chavez argues that his order of removal should be remanded to the IJ to consider cancellation of removal. Ovedo-Chavez did not present this claim before the IJ or the BIA. Ordinarily, we would not review this claim because it was not exhausted, and the government duly raised that problem in its brief. *See* 8 U.S.C. § 1252(d)(1); *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (explaining that, per recent Supreme Court precedent, the exhaustion requirement is a non-jurisdictional claim-processing rule that we must enforce if a party properly raises it). But Ovedo-Chavez's failure to exhaust is excused because it would have

been futile to bring his claim. *See Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 896 (9th Cir. 2021).

At the time of Ovedo-Chavez's merits hearing and his appeal to the BIA, the stop-time rule halted Ovedo-Chavez's accumulation of physical presence at the time his notice to appear was served, *Matter of Bermudez-Cota*, 27 I. & N. Dec. 441, 442 (BIA 2018), because a deficient notice to appear could be cured by a subsequent, complete hearing notice, *see In re Mendoza-Hernandez*, 27 I. & N. Dec. 520, 529 (BIA 2019) (en banc). On February 23, 2015, Ovedo-Chavez received a deficient notice to appear. On March 19, 2015, Ovedo-Chavez received a second and complete notice to appear. At the time of Ovedo-Chavez's appeal, it would have been futile for him to argue for cancellation of removal, because he reentered the country on February 26, 2005, less than ten years after he had been served with the first (deficient) notice to appear.

The BIA rejected Ovedo-Chavez's appeal on April 28, 2021. The next day, the Supreme Court issued its decision in *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), which held that the stop-time rule applied only when a noncitizen received a notice to appear with all the required information. *Id.* at 160–61.

The Government argues that there was no futility because this court considered the issue after Ovedo-Chavez filed his appeal but before the BIA dismissed that appeal. The Government cites *Lopez v. Barr*, 925 F.3d 396 (9th Cir.

2019) to support its position that applying for cancellation would not have been futile as we had rejected the two-part curing process established in *In re Mendoza-Hernandez*. *See id.* at 405. But *Lopez* was vacated on January 23, 2020, when we took the issue en banc, 948 F.3d 989 (9th Cir. 2020). We assess futility at the time of briefing before the BIA. *See Alcaraz v. INS*, 384 F.3d 1150, 1158 (9th Cir. 2004) ("We do not require an alien to exhaust administrative remedies on legal issues based on events that occur *after* briefing to the BIA has been completed."). When Ovedo-Chavez filed his BIA brief on April 16, 2019, it would have been futile for him to have sought cancellation of removal.

Because Ovedo-Chavez's failure to exhaust is excused for futility and because the Agency has not considered Ovedo-Chavez's claim for cancellation of removal, we grant the Petition in part and remand to the agency for consideration of cancellation of removal in the first instance. *See Suate-Orellana*, 101 F.4th at 627 (remanding to the agency for consideration of *Niz-Chavez* in the first instance after the petitioner moved to reopen without invoking *Niz-Chavez*).

We **DENY** the petition for review as to asylum, withholding of removal, and CAT relief, and **GRANT** the Petition in part and **REMAND** the cancellation of removal claim to the BIA for consideration in the first instance. The parties shall bear their own costs on appeal.

**PETITION DENIED IN PART; GRANTED IN PART; AND REMANDED.**